UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KARL HENRY LUCCE,

      Petitioner,

v.

JOSEPH FREDEN, *in his official capacity as Deputy Field Office Director, Buffalo Detention Facility, et al.*,

      Respondents.

25-CV-6342-MAV
DECISION & ORDER

---

*Pro se* Petitioner, Karl Henry Lucce, is a civil immigration detainee currently being held at the Buffalo Federal Detention Facility, in Batavia, New York. He filed a petition pursuant to 28 U.S.C. § 2241, claiming that he is being detained in federal immigration custody in violation of his right to due process, and that he is being denied medical attention for three microchips that the New York State Department of Corrections and Community Supervision ("DOCCS") allegedly implanted in his body shortly before he was transferred from DOCCS to the custody of the United States Department of Homeland Security ("DHS"). ECF No. 1.

Petitioner asks that he either be released from custody or, in the alternative, granted a bond hearing at which Respondents would bear the burden to prove by clear and convincing evidence that Petitioner's continued detention is necessary to prevent flight or danger to the community. *Id.* For the reasons that follow, the petition is dismissed without prejudice.

## BACKGROUND

In September 2023, Petitioner was served with a Notice to Appear, charging him with removability based on his conviction for robbery in the first degree. ECF No. 1 ¶ 4. He has been in detention at the Buffalo Federal Detention Facility ("BFDF") since June 14, 2024. *Id.* ¶ 3. On October 30, 2024, an Immigration Judge sustained the charges of removability against Petitioner, and ordered him removed to Haiti. *Id.* ¶ 12. He appealed the removal order to the Board of Immigration Appeals ("BIA") in November 2024, but the appeal was denied on May 1, 2025. *Id.* ¶ 13; ECF No. 6-1 at 3. On May 22, 2025, Petitioner filed a petition for review of the removal order with the Court of Appeals for the Second Circuit, followed by a motion for a stay of removal the next day. ECF No. 6-1 at 3.

Petitioner filed the instant § 2241 petition for habeas relief in this Court on June 26, 2025. ECF No. 1. On September 4, 2025, Respondents filed a motion to dismiss, arguing that the petition was moot because Petitioner had not yet been detained pursuant to 8 U.S.C. § 1231 for the six months that the Supreme Court has found to be presumptively reasonable. *See* ECF No. 6-1 at 2, 3–5.

## LEGAL FRAMEWORK

28 U.S.C. § 2241(c)(3) authorizes federal courts to grant habeas relief to prisoners or detainees who are "in custody in violation of the Constitution or laws or treaties of the United States." In that regard, the Supreme Court has long recognized that "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process." *Demore v. Kim*, 538 U.S. 510, 523 (2003). Moreover, various

provisions of the Immigration and Nationality Act (the "INA") authorize the detention of aliens both before and after they are ordered removed from the United States. *See Hechavarria v. Sessions*, 891 F.3d 49, 54 (2d Cir. 2018). Yet the authority to detain removable aliens is not unbounded; the Supreme Court and the Second Circuit have identified constitutional limits that immigration officials must observe.

With the exception of aliens detained under 8 U.S.C. § 1225, aliens present in the country are generally detained pursuant to 8 U.S.C. § 1226 while removal proceedings are pending. *See* 8 U.S.C. § 1226 (governing the "apprehension and detention of aliens"); *Hechavarria*, 891 F.3d at 56–57. Section 1226(a) provides that after the arrest of an alien believed to be removable, the government may continue to detain the alien or release him on bond or conditional parole. By contrast, Section 1226(c) mandates detention for the duration of removal proceedings where the alien has committed one of a number of specifically enumerated offenses.

Nevertheless, even though detention is mandatory under § 1226(c), the Second Circuit has held that under the Due Process Clause, aliens who are detained under that provision for a "prolonged" period are entitled to an individualized bond hearing at which the government bears the burden of proof to show by clear and convincing evidence that continued detention is justified. *See Black v. Decker*, 103 F.4th 133, 145–55 (2d Cir. 2024). The Second Circuit has identified similar due process rights for aliens subject to "prolonged detention" under § 1226(a). *See Velasco Lopez v. Decker*, 978 F.3d 842, 850–57 (2d Cir. 2020).

The statutory authority for the alien's detention shifts to 8 U.S.C. § 1231 once he has been ordered removed, and the removal order becomes administratively final. Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days" (i.e., the "removal period"). *Id.* § 1231(a)(1)(A). In that regard, Section 1231(a)(1)(B) specifies that the "removal period" shall begin on the latest of the following:

(i) The date the order of removal becomes administratively final.[1]

(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.[2]

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

*Id.* § 1231(a)(1)(B).

During the removal period, detention of the alien is mandatory under 8 U.S.C. § 1231(a)(2). As with § 1226, however, such detention cannot persist in perpetuity. The Supreme Court has held that the first six months of detention under § 1231 are "presumptively reasonable." *See, e.g., D'Alessandro v. Mukasey*, 628 F. Supp. 2d 368, 406 (W.D.N.Y. 2009) (discussing *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001)). But after the alien has been detained under § 1231 for a period of six months, "once the

---

[1] "An order of removal becomes [administratively] final at the earlier of two points: (1) 'a determination by the [BIA] affirming such order,' or (2) 'the expiration of the period in which the alien is permitted to' petition the BIA for review of the order." *Riley v. Bondi*, 606 U.S. 259, 267 (2025) (quoting 8 U.S.C. § 1101(a)(47)(B)); *see also,* 8 C.F.R. § 1241.1(a) ("An order of removal made by the immigration judge . . . shall become final . . . upon dismissal of an appeal by the [BIA] . . .").

[2] Judicial review of removal orders is available only through filing a petition for review in a Circuit Court pursuant to 8 U.S.C. § 1252(a)(5).

alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701.

## DISCUSSION

Petitioner maintains that "[b]y subjecting non-citizens like myself to mandatory immigration detention, 8 U.S.C. § 1226(c) permits indefinite detention, thus raising the very serious" due process problem that the Supreme Court has cautioned against. ECF No. 1 ¶ 31. He argues that under the "two-step inquiry for evaluating procedural due process challenges to prolonged immigration detention" used by courts in this district, he is entitled to a bond hearing at which the government must show, by clear and convincing evidence, that his continued detention is necessary because he is a flight risk or a danger to the community. ECF No. 1 ¶¶ 34, 61. Petitioner also asks the Court to order DHS to take him to the hospital for removal of three microchips which he alleges were injected into his artery by DOCCS and dispersed thereafter throughout his body, or to release him on supervised release so that he can have the microchips removed himself. *Id.* ¶¶ 65, 68.

Respondents argue that Petitioner's request for a bond hearing should be dismissed as premature. They point out that Petitioner's order of removal became administratively final on May 1, 2025, and therefore that he is presently being detained under 8 U.S.C. § 1231, not § 1226(c) as Petitioner argues. ECF No. 6-1 at 4. Respondents further observe that even at the time of their motion, only 126 days had elapsed since his removal period began, and "courts in this district – including this

Court – routinely dismiss[ ] petitions alleging prolonged detention [under § 1231] pending removal where the six-month mark has not yet passed," even where detention has exceeded six months at the time of the Court's decision. *Id.* at 4–5 (collecting cases). Respondents did not address Petitioner's request that he be taken to the hospital for removal of the alleged microchips or released under supervision to obtain medical treatment on his own.

### I. DHS' Detention Authority

As noted above, Petitioner was ordered removed in October 2024, and the BIA dismissed his appeal on May 1, 2025. ECF No. 1 ¶ 13; ECF No. 6-1 at 3. Although Petitioner has filed a petition for review of his final order of removal by the Second Circuit (ECF No. 1 ¶ 14), as well as a motion to stay his removal (ECF No. 6-1 at 3), as far as the Court is aware the Second Circuit has not ruled on Petitioner's motion for a stay, and his petition for review is still pending. Further, although DHS and the Second Circuit entered into a "Forbearance Agreement" in 2012 wherein the government has assured that removal will not occur while any immigration detainee's petition for review is pending before the Second Circuit, this Court has "joined the minority of its sister courts to conclude that the Forbearance Agreement does not constitute a 'stay' under 8 U.S.C. § 1231(a)(1)(B)(ii)." *Loachamin v. Kurzdorfer*, 792 F. Supp. 3d 353, 363–64 (W.D.N.Y. 2025).

Because the Second Circuit has not stayed Petitioner's order of removal, and because he has not been released from detention or confinement, the Court finds that Petitioner's removal period began on May 1, 2025, the date that the BIA dismissed

his appeal and thereby rendered his order of removal administratively final. *See* 8 U.S.C. § 1231(a)(1)(B)(i); 8 U.S.C. § 1101(a)(47)(B); 8 C.F.R. § 1241.1(a) ("An order of removal made by the immigration judge . . . shall become final . . . upon dismissal of an appeal by the [BIA] . . . ."). Consequently, § 1231 is the statutory authority governing his detention.

The Supreme Court has held that detention of a noncitizen for up to six months during the removal period under § 1231 is "presumptively reasonable." *Zadvydas*, 533 U.S. at 701. Yet Petitioner filed his petition for habeas relief on June 26, 2025, less than two months after his order of removal became administratively final. Therefore, at the time he filed his petition, Petitioner's continued detention under § 1231 remained "presumptively reasonable," and claims that his detention was unduly prolonged are premature. *See, e.g., Mitchell v. Wolf*, No. 20-CV-1183 (JLS), 2021 WL 1516450, at *5–6 (W.D.N.Y. Apr. 15, 2021); *Frederick v. Feeley*, No. 19-CV-6090-FPG, 2019 WL 1959485, at *4 (W.D.N.Y. May 2, 2019) (dismissing petition as premature when the petitioner "ha[d] not been detained beyond the presumptively reasonable period of detention").

This remains the case even though, as of the date of this Decision and Order, Petitioner has been detained under § 1231 for slightly longer than six months. *See, e.g., Dao v. Bondi*, No. 25-CV-5 (JLS), 2025 WL 1005579, at *2 (W.D.N.Y. Mar. 26, 2025) ("[F]ederal courts generally hold that the six-month post-removal period must have expired at the time the detainee's [§] 2241 petition was filed in order to state a claim under *Zadvydas*." (quotation and alteration omitted)); *Gomez v. Whitaker*, No.

6:18-CV-06900-MAT, 2019 WL 4941865, at *1, 5 (W.D.N.Y. Oct. 8, 2019) (dismissing petitioner's *Zadvydas* claim as premature, where the petition was filed before the six-month period lapsed, but the court's decision was signed after that period).

Accordingly, the Court dismisses Petitioner's due process claim without prejudice. *Loachamin*, 792 F. Supp. 3d at 363. Petitioner may refile his petition "providing good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

## II. Petitioner's Medical Condition

With respect to Petitioner's allegation that he has not received proper medical attention for three microchips that DOCCS implanted into his body to serve as monitoring devices, the Court dismisses that claim as frivolous. The Supreme Court has stated that a court may dismiss a claim as factually frivolous if the facts alleged are "clearly baseless," a category encompassing allegations that are "fanciful," "fantastic," and "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319 (1989)). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 33. Plaintiff's claim regarding DOCCS implantation of the microchips in his body to monitor him is precisely the type of fanciful or delusional allegation that warrants dismissal under this standard.

## CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that the petition for habeas corpus, ECF No. 1, is DISMISSED WITHOUT PREJUDICE; and it is further

ORDERED that the Clerk of Court shall close this case and mail a copy of this Decision and Order to Petitioner.

SO ORDERED.

Dated:       November 18, 2025
             Rochester, New York

_____
MEREDITH A. VACCA
UNITED STATES DISTRICT JUDGE